ANTHONY J. EDLEFSEN
Pro Se Plaintiff
3561 W. 2875 S.
West Haven, Utah 84401
(801) 550-8461
akiwi17@yahoo.com

FILED
2026 APR 26
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

|  |  |
|---|---|
|  | PLAINTIFF'S RENEWED SHORT-FORM MOTION TO COMPEL COMPLIANCE WITH NARROWED THIRD-PARTY SUBPOENA TO THE UNIVERSITY OF UTAH |
| ANTHONY J. EDLEFSEN, |  |
| Plaintiff, | Case No. 1:25-cv-00167-RJS-DAO |
| v. | District Judge Robert J. Shelby |
| IHC HEALTH SERVICES, INC., | Magistrate Judge Daphne A. Oberg |
| Defendant. |  |

Plaintiff Anthony J. Edlefsen respectfully renews and files this operative short-form motion to compel compliance with the narrowed Rule 45 subpoena served on the University of Utah. This renewed motion is limited to the two remaining issues identified in Plaintiff's April 20, 2026 narrowing filing and is intended to present those issues as a motion on which the Court may act.

The University was served with Plaintiff's subpoena seeking records tied to the University/DHHS project spine, including Contract No. 212701484 and Invoice Nos. UU-00301825 and UU-035100830. After the University objected and produced a partial set of materials, Plaintiff narrowed the subpoena in writing to targeted categories tied directly to the records already produced. The University later served an additional supplemental production and written response dated April 20, 2026.

In that supplemental response, the University represented, among other things, that: (1) the executed contract and amendments had been produced; (2) the production link contained all final deliverables and there was no final slide deck; (3) emails with deliverables were produced, but the University objected to producing confidential or sensitive information; (4) the contract was fixed-price and there were no statements of hours worked; (5) annual reports were attached; (6) there was no Access Database for this contract; and (7) the search was conducted in relation to Contract No. 212701484.

In light of that supplemental production and clarification, Plaintiff no longer presses the narrowed subpoena dispute as to categories the University affirmatively addressed, including the existence of a final slide deck, the contract-number clarification, and the University's representation that there was no Access Database for this contract.

This renewed motion is limited to the following remaining issues:

1. **Transmittal completeness.** The University states that it produced emails with deliverables that do not contain confidential or sensitive information and objects to producing confidential or sensitive information. Plaintiff seeks identification of any responsive transmittal emails, attachments, attachment names, or portions of transmittal records that were withheld or omitted on that basis, together with the basis for withholding.

2. **Acceptance / closeout / milestone / deliverable-receipt records.** Plaintiff's narrowed subpoena sought not only statements of hours worked, but also invoice backup, milestone backup, acceptance, closeout, or deliverable-receipt records tied to the Amendment 1 / Amendment 2 workstream, including records tied to Invoice Nos. UU-00301825 and UU-035100830. The University's fixed-price response addresses hours-worked statements, but does not fully resolve whether other acceptance, closeout, milestone-support, or deliverable-receipt records exist.

1

Plaintiff conferred in good faith with the University and narrowed the subpoena to avoid unnecessary burden. The remaining requests are specific, proportional, and tied to identified contract and invoice records already located by the University.

Plaintiff therefore requests an order requiring the University of Utah, by a date certain, to: (a) produce any remaining responsive transmittal records within the narrowed scope or identify/log any withheld transmittal emails, attachments, attachment names, or portions of transmittal records withheld as confidential or sensitive, together with the basis for withholding; and (b) produce any acceptance, closeout, milestone-support, invoice-backup, or deliverable-receipt records within the narrowed scope, or confirm after reasonable inquiry that no such records exist.

DATED this __26__ day of _____April_____, 2026.

Respectfully submitted,

Anthony J. Edlefsen
Pro Se Plaintiff
3561 W. 2875 S.
West Haven, Utah 84401
akiwi17@yahoo.com
(801) 550-8461

**CERTIFICATE OF SERVICE**

I certify that on the __26__ day of _____April_____, 2026, I served the foregoing **PLAINTIFF'S RE-NEWED SHORT-FORM MOTION TO COMPEL COMPLIANCE WITH NARROWED THIRD-PARTY SUBPOENA TO THE UNIVERSITY OF UTAH** by email on counsel of record and on the University of Utah counsel/representatives involved in the subpoena correspondence.

Anthony J. Edlefsen