UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY J. EDLEFSEN,<br><br>Plaintiff,<br><br>v.<br><br>IHC HEALTH SERVICES, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION REGARDING ESI PRESERVATION CONFIRMATIONS (DOC. NO. 19)**<br><br>Case No. 1:25-cv-00167<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Anthony J. Edlefsen brought this wrongful termination case against his former employer, IHC Health Services, Inc.[1]  Proceeding without counsel,[2] Mr. Edlefsen has filed a motion to compel IHC to provide certain information regarding its preservation of electronically stored information (ESI).[3]  Because Mr. Edlefsen's request is not legally supported and improperly seeks "discovery on discovery," his motion is denied.

---

[1] (*See* Compl., Doc. No. 1; Second Am. Compl., Doc. No. 29.)

[2] Mr. Edlefsen's counsel withdrew after the case was filed.  (*See* Order Granting Mot. to Withdraw as Counsel, Doc. No. 9; Notice of Pro Se Appearance, Doc. No. 12.)  Mr. Edlefsen's pro se filings are construed liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] (Pl.'s Short Form Disc. Mot. Re: ESI Preservation Confirmations, Doc. No. 19.)

Mr. Edlefsen seeks to compel IHC to disclose: (1) whether its preservation steps include specific electronic sources listed in the motion,[4] and (2) whether "retention/auto-deletion policies that could affect Teams content and email content for custodians in scope have been suspended or otherwise preserved under [IHC's] litigation hold."[5]  Mr. Edlefsen argues this information will allow the parties to complete ESI discussions required by Rule 26(f) of the Federal Rules of Civil Procedure, and to avoid later disputes if ESI subject to retention policies is lost.[6]

IHC opposes the motion, noting it confirmed to Mr. Edlefsen that it has taken reasonable steps to preserve information relevant to this litigation.[7]  IHC explains it does not anticipate ESI discovery to be complex, given that Mr. Edlefsen's employment lasted only three months.[8]  And it argues disclosure of the requested preservation information is unjustified because Mr. Edlefsen has not explained why he needs the information or identified any related deficiencies in IHC's discovery responses.[9]

Mr. Edlefsen's motion is denied.  As an initial matter, IHC is under a "pre-existing legal obligation to preserve information that it knows or should know is relevant to

---

[4] The sources listed in the motion are: "O365 email (including archives), Microsoft Teams (including chats and meeting chats), SharePoint/OneDrive/shared drives, HR/Employee Relations case files (investigation/termination/appeal materials), any AskHR shared mailbox/workflow, and LMS/training records."  (*Id.*)

[5] (*Id.*)

[6] (*Id.*)

[7] (Def.'s Resp. to Pl.'s Short Form Disc. Mot. Re: ESI Preservation Confirmations 2, Doc. No. 20.)

[8] (*Id.*)

[9] (*Id.* at 3.)

imminent or ongoing litigation."[10]  This is a "general duty that arises from case law," and

"[t]here is no need for a preemptive order to require preservation."[11]

Mr. Edlefsen identifies no legal authority entitling him to the information he seeks

regarding IHC's preservation protocols.  Rule 26(f) requires the parties to discuss "any

issues about preserving discoverable information,"[12] but it does not require any

particular disclosures relating to preservation protocols.  There is also no indication Mr.

Edlefsen has propounded a formal discovery request for the information he seeks.  And

even if he had, such requests would constitute "discovery on discovery," which is

disfavored unless there is "reasonable doubt about the sufficiency of a party's

response."[13]  Mr. Edlefsen identifies no reason to doubt the sufficiency of IHC's

preservation protocols.  And although he has filed other discovery motions alleging

deficiencies in IHC's responses,[14] he does not contend the deficiencies relate to a

failure to preserve ESI.  In other words, Mr. Edlefsen has offered no basis to compel

IHC to provide the information he seeks regarding ESI preservation protocols.

---

[10] *Fry v. Sch. Dist. No. 1*, No. 24-cv-02284, 2024 U.S. Dist. LEXIS 253885, at *7 (D. Colo. Dec. 31, 2024) (unpublished) (citing *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1162–64 (D. Colo. 2015)).

[11] *Id.*

[12] Fed. R. Civ. P. 26(f)(2).

[13] *Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328, at *14 (D.N.M. Sept. 22, 2021) (unpublished).

[14] (*See* Doc. Nos. 23– 25, 36– 38, & 57–64.)

Accordingly, Mr. Edlefsen's motion[15] is denied.

DATED this 28th day of April, 2026.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[15] (Doc. No. 19.)